UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN R. WILEY,

        Petitioner,                      Case Number: 05-70486

v.                                            HON. BERNARD A. FRIEDMAN

RAYMOND BOOKER,

        Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S REQUEST FOR STAY OF PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE**

Petitioner Calvin R. Wiley has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Ryan Correctional Facility in Detroit, Michigan, challenges his second-degree murder conviction. Respondent filed an answer in opposition to the petition. In "Petitioner's Answer to Respondent's Answer to Deny Petition for Writ of Habeas Corpus," Petitioner asks this Court to stay the habeas corpus proceeding so he may return to state court to exhaust an unexhausted claim. The Court shall grant Petitioner's request, stay the present petition provided that Petitioner promptly files a claim for collateral review in state court, and administratively close the matter.

**I.**

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of second-degree murder. Petitioner and co-defendant Larry Wesley were tried before the same jury. On November 21, 2002, Petitioner was sentenced to fifteen to twenty-five years imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claims:

> I.  Defendant was deprived of his Ams. V and XIV rights of due process when photos of the victim were admitted into evidence.
>
> II. Defendant was deprived of his Ams. V and XIV rights of due process when the prosecutor injected improper references into his summation.

The Michigan Court of Appeals affirmed the conviction. People v. Wiley, No. 243627 (Mich. Ct. App. Apr. 13, 2004).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, presenting the same claims presented to the Michigan Court of Appeals, and the following additional claim:

> Appellant Calvin Wiley was denied his state and federal right to a fair and impartial trial when the trial court denied his motion for a separate jury, admitted into evidence the incriminating statement of his co-defendant implicating Mr. Wiley without affording him an opportunity to confront his co-defendant in violation of Crawford v. Washington, issued March 8, 2004.

The Michigan Supreme Court denied leave to appeal. People v. Wiley, No. 126195 (Mich. Sept. 28, 2004).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the same claims presented to the Michigan Supreme Court.

## II.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Because habeas petitioners generally are limited to filing only one habeas petition, 28 U.S.C. § 2244(b), they should include all their claims in one habeas petition. The exhaustion requirement is

satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." Levine v. Torvik, 986 F.2d 1506, 1516 (6th Cir. 1993). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See* Mohn v. Bock, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also* Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990).

Petitioner concedes that his petition is a "mixed" one because one of the claims presented in his habeas petition, that the state court violated Crawford v. Washington, 541 U.S. 36 (2004), when it admitted out-of-court statements of his non-testifying co-defendant, is unexhausted. He asks the Court to stay further proceedings in this matter while he returns to state court to exhaust this claim. Petitioner presented his Crawford claim for the first time in a supplement to his application for leave to appeal to the Michigan Supreme Court. Where a claim is presented for the first time to a state court on discretionary review, that does not constitute a "fair presentation" of the claim. Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1059 (1989). Thus, Petitioner has failed to exhaust his state court remedies with respect to this claim.

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claim. Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claim. Petitioner may appeal the trial court's disposition of his motion for relief

3

from judgment to the Michigan Court of Appeals and Michigan Supreme Court.  To obtain relief, he will have to show cause for failing to raise his unexhausted claim on his appeal of right to the Michigan Court of Appeals and resulting prejudice or a significant possibility of innocence.  *See* Mich. Ct. R. 6.508(D)(3).  Petitioner's unexhausted claim should be addressed to, and considered by, the state courts in the first instance.

A federal court may stay a "mixed" federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless."  Rhines v. Weber, 544 U.S. 269, ___, 125 S. Ct. 1528, 1535 (2005).  The Supreme Court's Crawford opinion was issued just a few weeks before the Michigan Court of Appeals issued its opinion affirming Petitioner's conviction.  Thus, the Court finds that Petitioner has shown good cause for failing to present this issue to the Michigan Court of Appeals.  The Court is further satisfied that the unexhausted claim is not plainly meritless and that Petitioner has not engaged in intentionally dilatory tactics.  *See* Rhines, 125 S. Ct. at 1535.

Accordingly, the Court will allow Petitioner to return to state court exhaust his unexhausted claim and the Court will stay further proceedings in the current action.  When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back."  Id. at 1535.  To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed.  *See* Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002).  Petitioner must present his claims in state court within sixty days from the date of this Order.  *See* id.  Further, he must ask this Court to lift the

4

stay within sixty days of exhausting his state court remedies.  *See* id.; Abela v. Martin, 348 F.3d 164, 170  (6th Cir. 2003) (holding that "the limitations period is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application").  "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed."  Palmer, 276 F.3d at 781 (internal quotation omitted).

### III.

Accordingly, it is **ORDERED** that Petitioner's request for stay of proceedings is **GRANTED**.  Petitioner may file a motion for relief from judgment with the state trial court within **sixty days** from the date of this order.  If Petitioner fails to file a motion for relief from judgment by that date, the Court will dismiss the petition for writ of habeas corpus without prejudice.  Petitioner shall file a motion to lift the stay and an amended petition in this Court within **sixty days** after the conclusion of the state court proceedings.  If Petitioner files an amended petition, Respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **twenty-one days** thereafter.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be

considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

                                                    s/Bernard A. Friedman
                                                    BERNARD A. FRIEDMAN
                                                    CHIEF UNITED STATES DISTRICT JUDGE

Dated: July 7, 2006